UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES ENGLISH,

    Plaintiff,

v.

KALAMAZOO PUBLIC SCHOOLS; KALAMAZOO
PUBLIC SCHOOLS BOARD OF EDUCATION; MS.
PATTI SHOLLER-BARBER, IN HER INDIVIDUAL
AND OFFICIAL CAPACITY; MS. TIANNA
HARRISON, IN HER INDIVIDUAL AND OFFICIAL
CAPACITY; MS. JENNIE HILL, IN HER
INDIVIDUAL AND OFFICIAL CAPACITY; MR.
JERMAIN JACKSON, IN HIS INDIVIDUAL AND
OFFICIAL CAPACITY; MS. MEGAN MADDOCK,
IN HER INDIVIDUAL AND OFFICIAL CAPACITY;
MS. TANDY MOORE, IN HER INDIVIDUAL AND
OFFICIAL CAPACITY; MR. KEN GRESCHAK, IN
HIS INDIVIDUAL AND OFFICIAL CAPACITY; AND
MS. CINDY GREEN, IN HER INDIVIDUAL AND
OFFICIAL CAPACITY,

    Defendants.
_____/

Case No.:  1-23-cv-00562-JMB

Hon. Jane M. Beckering
Magistrate Ray S. Kent

| Eric D. Delaporte (P69673) <br> Kevin F. Lynch (P86671) <br> DELAPORTE LYNCH, PLLC <br> Attorneys for Plaintiff <br> 210 State Street, Suite B <br> Mason, MI 48854 <br> (517) 643-2626 <br> Eric@Delaportelaw.com <br> Kevin@Delaportelaw.com | Craig R. Noland (P30717) <br> Bogomir Rajsic, III (P79191) <br> Tracey R. DeVries (P84286) <br> McGRAW MORRIS P.C. <br> Attorneys for Defendants <br> 300 Ottawa Avenue, NW, Suite 820 <br> Grand Rapids, MI  49503 <br> (616) 288-3700/Fax (616) 214-7712 <br> cnoland@mcgrawmorris.com <br> brajsic@mcgrawmorris.com <br> tdevries@mcgrawmorris.com |
|---|---|

## **JOINT STATUS REPORT**

A Rule 16 Scheduling Conference is scheduled for Tuesday, August 9, 2023, at 11:00 a.m. before the Hon. Jane M. Beckering. Appearing for the parties as counsel will be:

    For Plaintiff:          Eric D. Delaporte

1

      For Defendants:    Bogomir Rajsic, III
                                Tracey R. DeVries

1. **Jurisdiction:** The basis for the Court's jurisdiction is: This Court has original jurisdiction pursuant to 28 U.S.C. § 1331, § 1343, and § 1367(a) as this case involves federal questions and federal civil rights under 42 U.S.C. § 1983.

2. **Jury or Non Jury:** This case is to be tried before a jury.

3. **Judicial Availability**: The parties do not agree to have a United States Magistrate Judge conduct any and all further proceedings in the case, including trial, and to order entry of final judgment.

4. **Statement of the Case:** This case involves:

*Plaintiff's Statement of the Case:*
    Plaintiff filed his Complaint to address Defendants retaliation against him for his attempts to hold KPS accountable for the use of KPS public monies, to provide transparency and participation in the education of Kalamazoo's children, and to require adherence to the laws, policies, practices, and rules. Plaintiff files his claim under the Whistleblower Protection Act (MCL 15.363 *et seq.*) for his report of various unlawful accounting and spending practices by the Board during his tenure at KPS, among various other violations of State and Federal law. As a result of Plaintiff's whistleblowing activities, Defendants retaliated against him by removing the "highly effective" rating on his evaluation, performing a sham investigation for the sole purpose of firing Plaintiff for fabricated reasons, and unlawfully terminating Plaintiff's employment. Defendants' retaliation caused Plaintiff to be publicly maligned and hindered Plaintiff's ability to seek alternative employment in his chosen field of expertise. Plaintiff now struggles financially, is generally shunned in the community, and continues to suffer emotional distress as a result of Defendants' retaliation.

    As such, Plaintiff asserts claims for: Violation of the Whistleblower Protection Act (MCL 15.363 *et seq.*; Discharge against Public Policy (plead in the alternative); Intentional Infliction of Emotional Distress; Breach of Contract; Implied Contract Based on § 1229 of the Revised School Code (plead in the alternative); Violation of 42 USC § 1983; Violation of Plaintiff's Constitutional Liberty Interest in his Good Name; and Violations of Due Process under Michigan and Federal Law and Constitutions. Plaintiff seeks monetary and equitable remedies for the damages caused by Defendants' unlawful actions.

*Defendants' Statement of the Case:* Plaintiff/Counter-Defendant files suit against Defendant/Counter-Plaintiff Kalamazoo Public Schools ("KPS"), the KPS Board of Education, KPS' former Interim Superintendent Cindy Green, and individual KPS Board of Education

members.  Plaintiff theories include due process and equal protection violations asserted under 42 U.S.C. § 1983, and various state-law claims, including violations of Michigan's Whistleblower Protection Act ("WPA"), breach of contract, and tort claims.  Defendants deny Plaintiff has stated any viable claim and, in addition to the discussion below, rely on the multiple additional affirmative defenses they have filed.  Additionally, KPS has asserted counterclaims against Plaintiff for breach of contractual duties and breach of fiduciary duties.

This case involves Plaintiff actions in his capacity as KPS' Assistant Superintendent of Finance and Operations.  Plaintiff was employed in this position from June, 2021 until he was terminated in December, 2022 for acts of gross negligence, misfeasance, and malfeasance in the course of his duties as the district's chief financial officer.  In this role, Plaintiff was responsible for the oversight of, among other things, the district's accounting, accounts payable, and purchasing.  In December, 2022, KPS' performed an investigation of Plaintiff's actions as Assistant Superintendent of Finance and Operations which uncovered substantial wrongdoing including, among other things, Plaintiff's authorization of payments of $91,125.59 in KPS funds on a "foundation" for KPS that was never authorized by the Board of Education.  Plaintiff's actions with respect to the foundation was not the only wrongdoing uncovered during its investigation.  Ultimately, KPS had numerous independent and sufficient reasons to terminate Plaintiff's employment.

Plaintiff's WPA claim fails as a matter of law because Plaintiff did not engage in protected speech or protected activity.  Moreover, there is no causal connection between his alleged protected activity and the alleged retaliation.  Even if Plaintiff is able to establish a *prima facie* claim under the WPA, KPS had legitimate, non-retaliatory business reasons to terminate Plaintiff's employment.  Plaintiff's alternatively-plead theory of a public policy violation is barred as the WPA is the exclusive remedy available to Plaintiff.

Plaintiff's contract-based claims are also legally infirm.  Plaintiff did not have a valid, enforceable contract with KPS.  Instead, Plaintiff was an at-will employee that could be terminated at any time and for any reason.  This also militates against Plaintiff's due process claim.  Plaintiff did not have a property interest in continued employment with KPS as, as such, was not entitled to any process prior to his termination.

The municipal liability claims are legally insufficient as Plaintiff has failed to identify any deficient custom, policy, practice, or procedure of KPS of the KPS Board of Education that caused a constitutional violation under Section 1983.  To the extent Plaintiff asserts individual-capacity claims against the individual defendants, those claims are redundant to the claims against KPS.  The individual defendants are also entitled to qualified immunity.

Finally, all of the defendants are immune from Plaintiff's tort claims.  KPS is entitled to immunity under the Michigan Governmental Tort Liability Act, MCL 491.1407, *et seq.*, and Plaintiff failed to plead in avoidance of governmental immunity.  The individual defendants, members of the Board of Education and other apex-employees of KPS, are absolutely immune under MCL 691.1407(5).

5. **Prospects of Settlement:** The status of settlement negotiations is:

   The parties have not yet engaged in settlement negotiations.

6. **Pendent State Claims**:

   This case does include pendent state claims.  The parties do not object to this Court's exercise of jurisdiction over the pendent claims.

7. **Joinder of Parties and Amendments of Pleadings**:

   The parties do not anticipate any issue of joinder. It is possible that further amendments to the pleadings will be necessary. The parties expect to file all motions to amend the pleadings by **October 23, 2023**.

8. **Disclosures and Exchanges:**

   (i)   Fed. R. Civ. P. 26 (a)(1) requires initial disclosures unless the court orders otherwise. The parties propose the following schedule for Rule 26 (a)(1) disclosures:

   **Plaintiff:  September 22, 2023**

   **Defendants:  September 22, 2023**

   (ii)  Plaintiffs expect to be able to furnish the names and areas of expertise of Plaintiffs' expert witnesses by **December 8, 2023**. Defendants expect to be able to furnish the names and areas of expertise of Defendants' expert witnesses by **January 8, 2024.**

   (iii) It would be advisable in this case to exchange written expert witness reports as contemplated by Fed. R. Civ. P. 26 (a)(2). Reports, if required, should be exchanged according to the following schedule.

   Plaintiffs:     **January 9, 2024**
   Defendants:  **February 9, 2024**

   (iv) The parties have agreed to make available the following documents without the need of a formal request for production.

   **All documents identified by the parties in initial disclosures.**

9. **Discovery:**  The parties believe that all discovery proceedings can be completed by **April 12, 2024 (eight months).**

   *Plaintiff's Discovery Plan:*

   Plaintiff anticipates deposing Defendants and may depose other third-party witnesses depending on the contents of Defendants' disclosures, responses to discovery, deposition testimony, and any other information uncovered during discovery.  Plaintiffs will seek an increase in the presumptive limitations on discovery, based primarily on the voluminous email and financial records associated with this case and number of Defendants and additional claims raised in Defendant's Counter Claim.  At minimum, Plaintiff anticipates requesting an increase of fifty (50) interrogatories per Defendant and at least fifteen (15) depositions.

   Notwithstanding the requested increase in presumptive limitations, Plaintiff intends to issue standard written discovery, including interrogatories, requests for production, requests for admission, and may subpoena records from third parties as necessary.

   *Defendants' Discovery Plan:*

   Defendants anticipate deposing Plaintiff and may depose other witnesses depending on the contents of Plaintiff's disclosures, responses to discovery and deposition testimony. Defendants will issue standard written discovery, including interrogatories, requests for production, requests for admission, and may subpoena records from third parties as necessary.  While Defendant Kalamazoo Public Schools has filed a counterclaim, discovery necessary for the counterclaim will be conducted concurrent with all remaining discovery.

   From Defendants perspective, there is no reason to modify the presumptive limitations on discovery in this matter.  Defendants do not agree that a straightforward employment-law case warrants a deviation from the standard presumption of 25 interrogatories contemplated by Fed.R.Civ.P. 33, let alone an increase to 50 interrogatories per defendant.  Such a deviation would allow Plaintiff to serve a total of 500 interrogatories in this matter.  This is unnecessary and exceeds the proportionality requirements of Fed.R.Civ.P 26(b)(1).

10. **Discovery or Disclosure Electronically Stored Information:**

    The parties have discussed the production of electronically stored information and suggest that such information be handled as follows:

    The parties will provide electronically stored information on a suitable electronic storage device.  The parties agree to produce electronically stored information in native format, where it exists.  The parties anticipate electronic discovery in this

case, which is likely to take the form of emails, photographs, videos, and social media.

**11. Assertion of Claims of Privilege and Work-Product Immunity After Production:**

Pursuant to Federal Rules of Civil Procedure 502(d) and (e), the parties agree to protect privileged and otherwise protected documents and electronically stored information (collectively, "documents") against claims of waiver in the event that they are inadvertently produced during the course of this litigation whether pursuant to a Court Order, a discovery request, or informal production as follows:

1. An "Inadvertently Produced Document" is a document produced by a party to this litigation that could have been withheld, in whole or in part, based upon a legitimate claim of any legally cognizable privilege or evidentiary protection including, but not limited to the attorney-client privilege, or the work product doctrine.

2. The production of any Inadvertently Produced Document shall not result in the waiver of any privilege or protection associated with such document.

3. A producing party may demand the return of any Inadvertently Produced Document, which demand shall be made to the receiving party's counsel in writing or via email and shall contain information sufficient to identify the Inadvertently Produced Document. Within five (5) business days of the demand for the Inadvertently Produced Document, the producing party shall provide the receiving party with a privilege log for such Inadvertently Produced Document consistent with the Federal Rules of Civil Procedure. In the event that any portion of the Inadvertently Produced Document contains non-privileged material, the producing party shall also provide the receiving party with a redacted copy of the Inadvertently Produced Document.

4. Upon receipt of a written demand for return of an Inadvertently Produced Document, the receiving party shall immediately return the Inadvertently Produced Document (and any copies thereof) to the producing party and shall immediately delete all electronic versions of the document.

5. The receiving party may object to the producing party's designation of an Inadvertently Produced Document by providing written notice of such objection within five (5) business days of its receipt of a written demand for the return of an Inadvertently Produced Document. Any such objection shall be resolved by the Court after an in camera review of the Inadvertently Produced Document. Pending resolution of the matter by the Court, the parties shall not use any documents that are claimed to be Inadvertently Produced Documents in this litigation.

12. **Motions:** The parties acknowledge that W.D. Mich. LCivR 7.1(d) requires the moving party to ascertain whether the motion will be opposed, and in the case of all nondispositive motions, counsel or pro se parties involved in the dispute shall confer in a good-faith effort to resolve the dispute.  In addition, all nondispositive motions shall be accompanied by a separately filed certificate.

    The following dispositive motions are contemplated by each party.

    Plaintiff anticipates filing dispositive motions on each of Plaintiff's claims and all of Defendant's Counter Claims.

    Defendants anticipate filing a dispositive motion on each of Plaintiff's claims and will consider a dispositive motion on the counterclaim if appropriate.

    The parties anticipate that all dispositive motions will be filed by **May 17, 2024**.

13. **Alternative Dispute Resolution**: The parties recommend that this case be submitted to the following method(s) of alternative dispute resolution:

    The parties suggest that discovery will be necessary before any alternative dispute resolution would be meaningful.  To that end, the parties have agreed to court-ordered mediation following the deadline for the filing of motions for summary judgment and intend to schedule Mediation on or around May 31, 2024.

14. **Length of Trial:** Counsel estimates the trial will last approximately eight (**8) full days total**, allocated as follows:

    Five (5) days for Plaintiff's case, three (3) days for Defendants' case.

    The parties' estimate is inclusive of voir dire, opening and closing statements, jury instructions, and other miscellaneous trial activities.

15. **Electronic Document Filing System:** Both parties acknowledge that the Local Civil Rule 5.7(a) requires all documents to be filed electronically and counsel will abide by this rule.

16. **Other**: Any special characteristics that may warrant extended discovery, accelerated disposition by motion or other factors relevant to the case.

    None at this time.

| | |
|---|---|
| /s/ Eric D. Delaporte | /s/ Bogomir Rajsic, III |
| | *Signed by Eric D. Delaporte with permission of Bogomir Rajsic, III* |
| Eric D. Delaporte (P69673) | Bogomir Rajsic, III (P79191) |
| DELAPORTE LYNCH, PLLC | McGRAW MORRIS, P.C. |
| Attorneys for Plaintiff | Attorneys for Defendants |
| 210 State St., Suite B | 300 Ottawa Ave. NW, Suite 820 |
| Mason, MI 48854 | Grand Rapids, MI 49503 |
| (517) 643-2626 | (616) 288-3800 |
| eric@Delaportelaw.com | brajsic@mcgrawmorris.com |
| Dated: August 2, 2023 | Dated: August 2, 2023 |